UNITED STATES of America, Appellee,

v.

Cortez HARRIS, Appellant.

No. 93–1212.

United States Court of Appeals, Eighth Circuit.

Submitted May 10, 1993.

Decided July 7, 1993.

Rehearing Denied Aug. 6, 1993.

Robert J. Thomas, Jr., St. Louis, MO, for appellant.

Thomas J. Mehan, Asst. U.S. Atty., St. Louis, MO, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, LAY, Senior Circuit Judge, and FAGG, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Cortez Harris appeals the seven-year and five-year consecutive sentences imposed on him by the District Court[1] following his guilty pleas to possessing with intent to distribute cocaine and cocaine base, being a felon in possession of a firearm, and possessing a firearm during a drug-trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1), 924(c)(1), and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii).

Harris's Guidelines imprisonment range was 70 to 87 months for the drug and felon-in-possession offenses. Harris was also subject to a statutory mandatory sentence of five years for the other firearm offense. See 18 U.S.C. § 924(c)(1). The government requested an upward departure from the Guidelines range, stating that it believed Harris's possession of semi-automatic weapons posed an increased danger to society.

The District Court denied the request for an upward departure, stating that "the sentencing guidelines in this case adequately take into consideration possession of weapons, including the semi-automatic weapons referred to in the Government's motion." The Court sentenced Harris to seven years for the drug and felon-in-possession offenses and five years for the firearm offense. Because the spread of the applicable Guidelines range was less than twenty-four months, the District Court was not required to state its reasons for imposing a particular sentence within that range. See 18 U.S.C. § 3553(c)(1). The District Court indicated, nevertheless, that it imposed the seven-year sentence because of (1) the nature of Harris's offenses: possession of 1,498.56 grams of cocaine and 16.346 grams of cocaine base, and possession of four firearms, two of which were stolen, and (2) defendant's prior conviction for assault. Harris argues on appeal that the District Court erred in sentencing him towards the top of the Guidelines range. He argues that the District Court misapplied the Guidelines by basing his sentence on factors which had already been taken into account in the Guidelines.

The Guidelines provide that, "[i]n determining the sentence to impose within the guideline range, ... the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4. The argument that a consideration already taken into account in setting the range under the Guidelines cannot also serve as a reason for fixing a sentencing at a particular point within the range seems logical to us. Here, the District Court, because the spread was less than twenty-four months, did not have to give a

1. The Hon. Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

reason for the particular point within the range it selected. If a court, however, as the Court did here, chooses to give a reason, and if, further, it gives a reason that is claimed to be unlawful, either because it violates the Guidelines or otherwise, a question of law, reviewable *de novo* on appeal, would arise. A court, for example, could not sentence someone to the top of a Guidelines range because he or she is a Presbyterian. Here, though, the reason given by the District Court was not at all a simple repetition of the reason already used to fix the Guidelines range. In announcing why it had selected the particular sentence, the District Court did not simply refer to the possession of weapons and drugs as such. It referred specifically to the quantity of cocaine, of cocaine base, and of weapons possessed, as well as to the fact that two of the weapons were stolen. The nature of defendant's prior conviction was also given as a reason. These specific reasons go beyond the general basis stated in the Guidelines for fixing the sentencing range. There was, therefore, no simple duplication of reasons already used. We see no error of law in the imposition of this sentence.

Affirmed.