46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Thomas R. ARMSTRONG, Appellant.
 No. 94-2245.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 19, 1995.
Filed: Jan. 31, 1995.
 
 Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas R. Armstrong appeals his 12-month sentence imposed by the district court[1] after he pleaded guilty to giving a false social security number in November 1991 for the purpose of obtaining credit and property, in violation of 42 U.S.C. Sec. 408(a)(7)(B) (Supp. II 1990). We affirm.
 
 
 2
 The presentence report (PSR) listed various businesses Armstrong had defrauded in October and November 1991 and indicated a base offense level of 6; a three-level increase for causing a loss over $10,000; a two-level increase for more than minimal planning and more than one victim; a two-level reduction for accepting responsibility; and a total offense level of 9. Armstrong's criminal history category of II was based on two 1-point state convictions for passing bad checks on accounts which had been closed. One conviction was from 1988. Armstrong was arrested on the other offense on November 9, 1993 (the same date of arrest for the instant offense); he pleaded guilty and was placed on probation in April 1994.
 
 
 3
 At his May 1994 sentencing, Armstrong voiced no objections to the PSR, but asked for home detention because of his health problems. The court sentenced Armstrong to 12 months imprisonment and three years supervised release, and recommended that he be placed in a facility with the means of providing him the medical care he would need.
 
 
 4
 On appeal, Armstrong's counsel moved to withdraw and filed what we have deemed to be an Anders[2] brief. Armstrong also filed a pro se brief and reply brief, arguing his second state conviction should not have been counted in his criminal history category because it was conduct that was part of the instant offense. He also argues the court improperly considered the same factor (i.e., amount of loss) to calculate his offense level and to pinpoint his sentence within the Guidelines range, citing United States v. Harris, 997 F.2d 1235 (8th Cir. 1993), cert. denied, 114 S. Ct. 717 (1994). He argues new counsel should be appointed.
 
 
 5
 "Issues not properly preserved at the district court level and presented for the first time on appeal ordinarily will not be considered by this court as a basis for reversal unless there would be a plain error resulting in a miscarriage of justice." Fritz v. United States, 995 F.2d 136, 137 (8th Cir. 1993), cert. denied, 114 S. Ct. 887 (1994). Accordingly, the issues Armstrong raises are subject only to plain-error review.
 
 
 6
 A prior sentence is one imposed (prior to sentencing on the instant offense) upon adjudication of guilt "for conduct not part of the instant offense." U.S.S.G. Sec. 4A1.2(a)(1) & comment. (n.1). Factors "appropriate to the determination of whether offenses are sufficiently connected or related to each other to be considered as part of the same course of conduct include the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." U.S.S.G. Sec. 1B1.3, comment. (n.9).
 
 
 7
 Here, Armstrong was arrested on November 9, 1993, for both the instant offense of giving a false social security number to obtain credit in 1991 and the state offense of writing checks on a checking account which had been closed. Although both offenses involve financial fraud, providing false identification to businesses is sufficiently distinct from passing bad checks to warrant a finding that the latter conduct was not part of the instant offense. Thus, including this state conviction in Armstrong's criminal history category was not plain error.
 
 
 8
 Armstrong's second argument also fails. In determining sentences within a defendant's guideline range, "the court may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. Sec. 1B1.4. Although a district court is not required to state its reasons for imposing a particular sentence within a sentencing range if the range is less than 24 months, see 18 U.S.C. Sec. 3553(c)(1) (1988), if the court chooses to give a reason which is claimed to be unlawful, the issue is reviewable de novo on appeal. Harris, 997 F.2d at 1237. In Harris, this court found logical "the argument that a consideration already taken into account in setting the range under the Guidelines cannot also serve as a reason for fixing a sentencing at a particular point within the range." Id. at 1236. Here, however, as in Harris, the court in fixing the sentence did more than merely cite the amount of loss involved: the court balanced Armstrong's health problems against the victims' financial losses, the seriousness of the offense, and the unlikelihood of restitution given Armstrong's financial situation.
 
 
 9
 When an Anders brief is filed, we must "conduct 'a full examination of all the proceeding[s] to decide whether the case is wholly frivolous,' " and only after we find "no nonfrivolous issue for appeal, may [we] proceed to consider the appeal on the merits without the assistance of counsel." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have reviewed the record and find no other nonfrivolous issues suitable for appeal. We grant counsel's motion to withdraw and deny Armstrong's request for new counsel.
 
 
 10
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Anders v. California, 386 U.S. 738 (1967)