**UNITED STATES of America, Appellee,**

v.

**Darryl SYKES, Appellant.**

**No. 94–3150.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 10, 1995.

Decided Feb. 3, 1995.

Robert J. Thomas, Jr., St. Louis, MO, argued, for appellant.

James G. Marvin, St. Louis, MO, argued (Edward L. Dowd, Jr. and James G. Martin, on the brief), for appellee.

Before LOKEN, Circuit Judge, GODBOLD,* Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Darryl Sykes pleaded guilty in early 1994 to one count of conspiracy to defraud the federal government. The essence of the charge was that, in connection with various government construction projects, he agreed with several others to issue performance bonds that were not actually backed by collateral. He stipulated that the amount of loss for sentencing purposes was $27,825.

Both Mr. Sykes and the government agreed that the appropriate range under the federal sentencing guidelines was six to twelve months of imprisonment. Under the guidelines, the term of imprisonment could be satisfied by home detention, followed by a term of probation. *See* U.S.S.G. § 5B1.1(a)(2), § 5C1.1(c)(3), § 5C1.1(e)(3). At sentencing, citing his high blood pressure and heart disease and the hardship that his family would face if he were imprisoned, Mr. Sykes asked for his punishment to be home detention and probation, rather than actual imprisonment. The sentencing court, however, imposed a term of six months of imprison-

ment. Mr. Sykes appeals. We affirm the sentencing court.[1]

Mr. Sykes contends that it was an abuse of discretion for the sentencing court to refuse to sentence him to home detention. He concedes that because the applicable range of imprisonment spanned less than 24 months, the sentencing court was not required to state its reasons for imposing the particular sentence that it imposed. *See* 18 U.S.C. § 3553(c)(1). He argues, however, that because the sentencing court actually did state its reasons, and because those reasons were based on the same considerations controlling the appropriate guidelines range, the sentence imposed was unlawful. *See, e.g., United States v. Harris*, 997 F.2d 1235, 1236–37 (8th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 717, 126 L.Ed.2d 681 (1994).

The base offense level for the crime to which Mr. Sykes pleaded guilty was level 6. *See* U.S.S.G. § 2F1.1(a). Because the crime involved a loss of more than $20,000 but less than $40,000, the offense level was increased to level 10. *See* U.S.S.G. § 2F1.1(b)(1)(E). Because the crime involved more than minimal planning or more than one victim, the offense level was increased again, to level 12. *See* U.S.S.G. § 2F1.1(b)(2)(A), § 2F1.1(b)(2)(B). Because Mr. Sykes accepted responsibility for the crime, however, the offense level was decreased to level 10. *See* U.S.S.G. § 3E1.1(a). Since Mr. Sykes's criminal history was category I, the appropriate guidelines range was, therefore, six to twelve months. *See* U.S.S.G. Ch. 5, Pt. A.

In imposing sentence, the sentencing court stated, "Well, there was a substantial amount of money involved in this and the scheme was one that required minimal planning certainly and there's a lot of monetary loss in the case and the Court is quite sympathetic to people's families, ... but the Court also has ... an obligation to make sure that this type of thing doesn't happen again, at least as far as the deterrent effect is concerned.... In view of the nature of the instant offense where the defendant was responsible for

---

* The HONORABLE JOHN C. GODBOLD, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

$27,825 of the total loss, ... the following sentence [six months of imprisonment] would seem to address the sentencing objectives of punishment, general deterrence and incapacitation." Mr. Sykes argues that because the guidelines range itself was determined by the amount of money involved and the fact of more than minimal planning, it was improper for the sentencing court to use those considerations as its basis for imposing actual imprisonment rather than home detention.

If the sentencing court had referred in general only to those two considerations, we might agree. *See, e.g., United States v. Harris,* 997 F.2d at 1236 ("[t]he argument that a consideration already taken into account in setting the range under the Guidelines cannot also serve as a reason for fixing a sentencing at a particular point within the range seems logical to us"). The sentencing court, however, referred specifically to its desire for the sentence to have a deterrent effect on Mr. Sykes, and, presumably, others who might be tempted to commit the same crime. We think it reasonable to infer that the sentencing court felt that the deterrent effect would be reduced if Mr. Sykes were given home detention rather than actual imprisonment. The sentencing court also referred specifically to the amount of loss involved, which is more than the $20,000 minimum that determined the guidelines range. We think it reasonable to infer from that reference that the sentencing court felt that a loss of more than the minimum used to set the guidelines range required a sentence of more than the least harsh sentence available, *i.e.,* actual imprisonment rather than home detention.

In our view, then, the sentencing court was not simply duplicating the considerations already used in setting the appropriate guidelines range. *See, e.g., id.* at 1237. We see no abuse of discretion by the sentencing court, therefore, and affirm its judgment.