**United States Court of Appeals**
**For the Eighth Circuit**

_____

No. 96-1401

_____

United States of America,        *
                                 *
                Appellee,        *
                                 *  Appeal from the United States
     v.                          *  District Court for the
                                 *  Eastern District of Missouri
Steven B. Sewell,                *
                                 *
                Appellant.       *


_____

Submitted:  June 11, 1996

Filed:  July 26, 1996

_____


Before MAGILL, Circuit Judge, HENLEY, Senior Circuit Judge, and    DOTY[*],
District Judge.

_____

DOTY, District Judge.

_____

[*]The HONORABLE DAVID S. DOTY, United States District
Judge for the District of Minnesota, sitting by
designation.

## I.

Defendant Steven Sewell ("Sewell") appeals from his conviction under 18 U.S.C. §§ 922(g)(1) and 924(e)(1), for possessing a firearm as a thrice-convicted felon.[1]  We affirm.

Sewell's conviction arises from a traffic stop made on or about February 24, 1995.  Defendant consented to a search of the passenger compartment, which revealed a loaded ammunition clip. Defendant claimed to have no knowledge of the origins of this clip. When asked whether there were any weapons in the trunk of the car, defendant denied that there were.  A subsequent search revealed a nine-millimeter semi-automatic pistol which had been placed atop a pile of clothing in the trunk.  When this fact was brought to defendant's attention while he waited in a patrol car, he stated that the gun belonged to his brother and he had not known it was in his trunk.

At trial, the government brought a motion in limine to exclude Sewell's statements as hearsay under Fed. R. Evid. 801(c) and 802. In response, defendant argued that the statements were admissible within the exception for "excited utterances".  Fed. R. Evid. 803(2).  The court orally granted the motion, stating that he didn't believe that a person denying knowledge of a firearm, when one is found, is an utterance that had been created by a physical shock, stress or nervous excitement absent testimony to that effect.

---

[1]The Honorable Stephen N. Limbaugh, Judge, United States District Court for the Eastern District of Missouri.

Defendant's continuing objection to the ruling was noted. Trial Transcript at 27.  Sewell testified on his own behalf, and stated that he did not have knowledge of the origins of the ammunition clip.  However, he did not testify regarding his contemporaneous statement that he had not known the gun was in his car.  Sewell was convicted and sentenced.  He argues that his contemporaneous statement should have been admitted as an excited utterance, and the trial's court's refusal to do so "severely prejudiced" him.

## II.

The parties agree that this court may reverse the trial court only upon a showing that it has abused its discretion in excluding the testimony as hearsay.  U.S. v. Martin, 59 F.3d 767, 769 (8th Cir. 1995).  No such showing has been made here.

The justification for the "excited utterance" exception, as this Circuit has noted, derives from the teaching of experience that the stress of nervous excitement or physical shock "stills the reflective faculties," thus removing an impediment to truthfulness. U.S. v. Elem, 845 F.2d 170, 174 (8th Cir. 1988) (quoting 6 Wigmore, Evidence § 1747, at 195 (Chadbourne rev. 1976)):

> Since this utterance is made under the immediate and uncontrolled domination of the senses, and during the brief period when considerations of self-interest could not have been brought fully to bear by reasoned reflection, the utterance may be taken as particularly trustworthy (or at least lacking the usual grounds for untrustworthiness), and thus expressing the real tenor of

the speaker's belief as to the facts just observed by him.

Id.

Defendant's argument that he was merely reacting naturally to the "shock" of an "extraordinarily startling event" - i.e., the discovery of a weapon in his possession - is unconvincing. Where incriminating evidence is discovered in one's possession, it requires only the briefest reflection to conclude that a denial and plea of ignorance is the best strategy. This hardly comports with the spirit of disinterested witness which pervades the rule. There is no evidence that the defendant's self-serving statement derived from an uncontrolled "excitement" experienced while learning of the evidence against him. The trial court's ruling reflects reasoned consideration of the requirements of the rule and is correct.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS EIGHTH CIRCUIT.