# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2326

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Javier Sanchez-Martinez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: January 25, 2000

Filed: February 1, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
Judges.

_____

PER CURIAM.

Javier Sanchez-Martinez pleaded guilty to being found in the United States
without the Attorney General's consent, having previously been deported, in violation
of 8 U.S.C. § 1326(a). The district court[1] sentenced him to 15 months imprisonment
and 1 year supervised release. Mr. Sanchez-Martinez's counsel has filed a brief--
arguing that the court erred by not sentencing Mr. Sanchez-Martinez to home detention

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for
the Eastern District of Missouri.

or community confinement, that the court erred by not advising Mr. Sanchez-Martinez of his right to appeal, and that counsel was ineffective--and has moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). Although we granted Mr. Sanchez-Martinez permission to file a pro se supplemental brief, he has not done so.

We conclude that the district court did not abuse its discretion by sentencing Mr. Sanchez-Martinez to a term of imprisonment rather than home detention or community confinement. Although the court was not required to state its reasons for selecting the sentence, because the Guidelines imprisonment range spanned less than 24 months, the court explained that it had imposed the sentence for the purposes of punishment, general deterrence, and incapacitation. See United States v. Sykes, 46 F.3d 869, 870-71 (8th Cir. 1995) (under 18 U.S.C. § 3553(c)(1), not necessary to state reasons; affirming where court, nonetheless, stated that sentence was imposed for purposes of punishment, general deterrence, and incapacitation).

We reject counsel's argument that the district court erred by failing to advise Mr. Sanchez-Martinez of his right to appeal, because it is clear from the transcript that the court did advise him of his right to appeal. Finally, ineffective assistance of counsel should be raised in a proceeding under 28 U.S.C. § 2255, rather than in this direct criminal appeal. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.