# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2673

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska |
| Cordell Ray Simms, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 10, 2001

Filed: April 15, 2002

_____

Before McMILLIAN and MURPHY, Circuit Judges, and BATTEY,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Cordell Ray Simms appeals from a judgment of the district court[2] entered upon a jury verdict finding him guilty of conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a) and 846. On appeal, Simms challenges the imposition of a 262-month sentence. We affirm.

_____

[1]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

[2]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

We first address Simms's argument that the sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000) (Apprendi). In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." Id. at 490. As Simms concedes, 21 U.S.C. § 841(b) imposes a maximum sentence of life imprisonment for convictions involving a conspiracy to distribute 50 grams or more of crack cocaine. Because Simms's sentence is less than the statutory maximum, there is no Apprendi violation. See United States v. Hollingsworth, 257 F.3d 871, 875 (8th Cir. 2001), cert. denied, 122 S.Ct. 856 (2002) (Hollingsworth). Moreover, we note that "[t]he jury need not make an exact drug quantity finding to satisfy Apprendi." Id. at 878. As here, a jury "need only make findings regarding ranges of quantities relevant to the varying statutory maximums under 21 U.S.C. § 841." Id.

Simms also argues that the district court erred in imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. "We review a district court's factual findings in support of an obstruction of justice enhancement for clear error and its application of the sentencing guidelines to the facts de novo." United States v. O'Dell, 204 F.3d 829, 836 (8th Cir. 2000). Although § 3C1.1 is not intended to punish a defendant for testifying, "[a] defendant who commits perjury is subject to this enhancement." Id. "A defendant commits perjury, if under oath, '[he or] she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory.'" Id. (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)).

In this case, government witnesses testified about Simms's involvement in a crack cocaine conspiracy. For example, Eric Jones and Darrell Jones, who each had pleaded guilty to a conspiracy to distribute crack cocaine in Lincoln, Nebraska, testified that they had made separate trips with Simms from Lincoln to Omaha, Nebraska, to obtain powder and crack cocaine from Simms's source and that Simms

would "cook" the powder cocaine into crack. Other times, they testified, they had given Simms money and he would travel to Omaha to bring them back cocaine. In addition, they testified that they gave Simms crack cocaine for his assistance. Phillip Keys testified that he had bought crack cocaine from Simms's at his home. Other witnesses testified that they had also bought crack cocaine from Simms or that Simms had introduced them to his supplier.

Simms testified in his own defense. He admitted that he was a crack cocaine addict, had cooked it once, had been friends with both Eric Jones and Darrell Jones, and, when employed, had purchased crack cocaine from them for personal use. Simms also admitted making about twenty car trips with Darrell Jones and about three with Eric Jones to Omaha. However, he denied going with them to Omaha to buy drugs, claiming he only went for family occasions, social opportunities and shopping. Simms also denied that he sold crack cocaine, denied introducing the witnesses to sources for the purpose of obtaining crack cocaine, and denied conspiring to distribute crack cocaine. On cross-examination, Simms claimed that he had no reason to act as a middleman to obtain crack cocaine because after he lost his job "people g[a]ve him free dope . . . and h[u]ng out with [him] because he was a cool guy."

Simms correctly notes that "'[t]he district court must review the evidence and make [an] independent finding, by a preponderance of the evidence, of perjury in order to impose a sentence enhancement for obstruction of justice.'" United States v. Taylor, 207 F.3d 452, 455 (8th Cir. 2000) (quoting United States v. Thomas, 93 F.3d 479, 489 (8th Cir. 1996)). Contrary to Simms's arguments, the district court properly imposed the enhancement. As to its review, not only did the district court hear the testimony at trial, at sentencing it heard arguments on the conflicts in the testimony. In fact, the government read portions of the trial transcript to highlight the conflicts between Simms's testimony and that of the other witnesses. In addition, the district court made a specific finding that Simms had committed perjury on "some

pretty critical issues." See United States v. Gomez, 165 F.3d 650, 654 (8th Cir. 1999) (noting "while an enhancement for obstruction of justice may not be based solely on the fact that the jury disbelieved the defendant, it may be based on an express finding of the district court, resulting from the judge's personal observations, that the defendant lied to the jury"). Although the district court did not specifically make a willfulness finding, the omission does not warrant a remand. See United States v. Robinson, 217 F.3d 560, 565 (8th Cir.), cert. denied, 531 U.S. 999 (2000). There is no doubt that Simms's denials of his involvement in the conspiracy "could not have been the result of confusion, mistake, or faulty memory." Id. at 566. "Rather, [his] false statements could only have been the result of a willful intent to deceive the jury and obstruct the judicial process." Id.

We also reject Simms's argument that the district court failed to properly evaluate the evidence. It is true that in United States v. Cabbell, 35 F.3d 1255, 1260 (8th Cir. 1994) (Cabbell), this court reversed an obstruction of justice enhancement because "the district court did not evaluate [the defendant's] testimony in a light most favorable to him as required by section 3C1.1, application note 1."[3] However, we note that, effective November 1, 1997, "an amendment to [§ 3C1.1] . . . removed the "'most favorable' language and advised courts simply to 'be cognizant that inaccurate testimony or statement may result from confusion, mistake, or faulty memory, and thus not all testimony or statements necessarily reflect a willful attempt to obstruct justice." United States v. Greer, No. 99-1072(L), 2000 WL 33709971, at *22, (2d Cir. Mar. 7, 2002) (amending previous opinion); see also United States v. Behler, 100 F.3d 632, 638 (8th Cir. 1996) (recognizing amendment to § 3C1.1), cert. denied, 522 U.S. 855 (1997). In this case, we need not decide which version of the guideline was applicable. Even under the guideline applicable in Cabbell, this court has stated "'we

---

[3]Contrary to Simms's suggestion, this court did not hold that if a defendant testified truthfully as to some matters, he or she could not be subject to a § 3C1.1 enhancement for obstruction of justice.

must give 'due regard to the district court's observations and express finding that a defendant lied to the jury.'" United States v. Kime, 99 F.3d 870, 886 (8th Cir. 1996) (quoting United States v. McCormick, 29 F.3d 352, 357 (8th Cir. 1994)), cert. denied, 519 U.S. 1141 (1997). Here, even assuming that Simms testified truthfully about his crack cocaine use, given that his denials of involvement in the crack cocaine conspiracy were "flatly contradicted by . . . the unequivocal testimony of his former co-conspirators," the district court did not commit clear error in finding that Simms testified falsely as to a material matter. Id.; see also Hollingsworth, 257 F.3d at 879.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.