# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3573

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Martin Jorge Esparza, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 17, 2002

Filed: May 31, 2002

_____

Before BOWMAN, RILEY, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

After a jury trial, Martin Jorge Esparza (Esparza) was convicted of possessing cocaine with intent to distribute, a violation of 21 U.S.C. § 841(a)(1), and was sentenced to 292 months in prison and five years of supervised release. On appeal, Esparza argues that the district court[1] should have allowed him to testify about a statement he made to a law enforcement officer at the time of his arrest and should not have applied a two-level enhancement for obstruction of justice. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

## I.    BACKGROUND

Esparza was arrested at a weigh station on Interstate 44 in St. Clair, Missouri, when, pursuant to a lawful search, an officer of the Missouri State Highway Patrol found cocaine in a semi trailer he was towing from El Paso, Texas. When the officer discovered several boxes of drugs, Esparza exclaimed that he "didn't know that was in there." The officer placed Esparza under arrest and advised him of his <u>Miranda</u> rights. Two other officers then questioned Esparza for several hours. During the questioning, Esparza did not directly admit guilt. Instead of speaking about himself directly, he proposed several "scenarios," including one in which "someone" would be paid $125,000 to carry a shipment of cocaine. He also said that once a person starts working for a drug organization, it is extremely dangerous for him to leave it behind.

At trial, Esparza testified that he did not know there was cocaine in his trailer and he had not proposed the "scenarios" during the police interrogation. The district court refused to allow Esparza to tell the jury about his initial statement to the arresting officer that he "didn't know" the cocaine was in his trailer, either on direct or re-direct examination. After Esparza was convicted, the presentence investigation report (PSR) recommended a two-level enhancement for obstruction of justice based upon false testimony during the trial. <u>See</u> U.S.S.G. § 3C1.1. The district court overruled Esparza's objections to the PSR and applied the enhancement. On appeal, Esparza challenges the district court's refusal to admit his hearsay statement into evidence and the two-level enhancement for obstruction of justice.

## II.    DISCUSSION

We review a district court's evidentiary rulings for abuse of discretion. <u>United States v. Becht</u>, 267 F.3d 767, 770 (8th Cir. 2001). The factual findings underlying an enhancement for obstruction of justice are reviewed for clear error; application of the sentencing guidelines to those facts is subject to de novo review. <u>United States v. O'Dell</u>, 204 F.3d 829, 836 (8th Cir. 2000).

## A.    Esparza's Out-of-Court Statement

The statement Esparza made at the time of his arrest – that he did not know the drugs were in his trailer – meets the general definition of hearsay; it is an out-of-court statement offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). Esparza argues that the statement is not hearsay, because it was offered as a prior consistent statement. See Fed. R. Evid. 801(d)(1)(B). Under Rule 801(d)(1)(B), a prior consistent statement is not hearsay if it is "offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." For this qualification to apply, the defendant's motive to fabricate must have come about after the statement was made. See United States v. Roach, 164 F.3d 403, 411 (8th Cir. 1998) (citing Tome v. United States, 513 U.S. 150, 158-60 (1995) and finding Rule 801(d)(1)(B) "embodies the common-law premotive requirement"). Esparza had the same motive to lie at the time of his statement to the officer as he did at the trial, and so his statement was not admissible to rebut a charge of recent fabrication.

Esparza's statement was not admissible as an excited utterance, either. Under Rule 803(2) of the Federal Rules of Evidence, a hearsay statement may be introduced into evidence if it relates to "a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Police discovery of contraband is not ordinarily the kind of "startling event" to which this exception applies. United States v. Sewell, 90 F.3d 326, 327 (8th Cir. 1996). As we explained in Sewell, when "incriminating evidence is discovered in one's possession, it requires only the briefest reflection to conclude that a denial and plea of ignorance is the best strategy." Id. With this consideration in mind, we hold that the district court did not abuse its discretion in refusing to admit Esparza's hearsay statement as an excited utterance.

## B.    Enhancement for Obstruction of Justice

"A defendant is subject to an obstruction enhancement under U.S.S.G. § 3C1.1 if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." United States v. Chadwick, 44 F.3d 713, 715 (8th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87, 94 (1993)).  If a defendant objects to an obstruction enhancement based on perjury, the district court "must review the evidence and make independent findings" that the defendant willfully gave false testimony concerning a material matter in the case.  Dunnigan, 507 U.S. at 95.

In this case, the district court neglected to make such findings.  Instead, it simply overruled Esparza's objection to the PSR's recommendation of an enhancement for "providing false testimony."  Esparza argues that the case should be remanded so the district court can make independent findings on the elements of perjury.

A district court's failure to make the findings required by Dunnigan is not always grounds for reversal and remand.  For example, we have affirmed obstruction enhancements when the evidence of willfulness was unequivocal, without an express finding of willfulness by the district court.  See United States v. Simms, 285 F.3d 1098, 1101 (8th Cir. 2002); United States v. Robinson, 217 F.3d 560, 565-66 (8th Cir. 2000).  In these cases, the district court made a general finding of perjury without making a specific finding of willfulness.  Simms, 285 F.3d at 1101 (district court found the defendant "had committed perjury on 'some pretty critical issues'"); Robinson, 217 F.3d at 565 (district court found the defendant's testimony "was not truthful regarding material facts").  Although there was no explicit finding as to willfulness, we affirmed because the record left no doubt that the defendant's false testimony at trial was not the result of confusion, mistake, or faulty memory.  See Simms, 285 F.3d at 1101; Robinson, 217 F.3d at 565-66.

In this case we are confronted with somewhat different circumstances. In contrast to <u>Simms</u> and <u>Robinson,</u> in which the district court made a general finding of perjury, the district court in this case did not make any such finding. However, the principle that animated these prior cases applies equally to Esparza's case. Esparza testified that he did not know the drugs were in his trailer. This testimony was obviously material and plainly inconsistent with the jury's verdict. Moreover, after reviewing the trial transcript, we have no doubt that Esparza's decision to provide false testimony was willful.[2] Even if we remanded the case for a new sentencing determination, the district court would have no choice but to apply an enhancement for obstruction of justice. Under these exceptional circumstances, a remand would be a waste of time and effort.[3] We therefore affirm the district court's enhancement for obstruction of justice without an explicit finding of perjury by the district court.

## III.   CONCLUSION

The district court acted within its discretion in excluding Esparza's hearsay statement to the arresting officer and did not clearly err in enhancing his sentence for obstruction of justice. The judgment of the district court is affirmed.

---

[2]Our belief as to Esparza's testimony about his knowledge of the presence of drugs in his trailer does not apply to Esparza's testimony about what happened during his subsequent interview with law enforcement officers. We express no opinion as to whether Esparza's asserted recollection of what was said during the lengthy interrogation might have been the result of confusion, mistake, or faulty memory.

[3]Our decision not to remand this exceptional case does not excuse district courts from their obligation to make independent findings on the separate elements of perjury in future cases that may call for an enhancement under U.S.S.G. § 3C1.1. <u>See</u> <u>Dunnigan,</u> 507 U.S. at 94-95.

A true copy.

Attest:

     CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.