# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1608

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Robert L. Janecek, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 18, 2003

Filed: December 22, 2003

_____

Before MURPHY, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

From August 1991 through February 1999, Robert L. Janecek was the executive director of the Osman Temple Shrine Circus in Minnesota. After Shrine officials discovered a secret checking account opened by Janecek in the Shrine's name, an investigation ensued. The investigation revealed Janecek had taken much more than his $12,000 annual pay from the Shrine. Using a defunct company and multiple bank accounts, Janacek understated Circus income and diverted it to himself, and falsely reported some of the money he took as legitimate Circus expenses. To explain the embezzlement, Janecek claimed he had a secret agreement with a deceased Shrine leader to pay him commissions and expenses, although Shrine

leadership stated Janecek was not entitled to more than $12,000. Ultimately, the Shrine lost over $300,000 as a result of Janecek's actions. The Government charged Janecek with mail fraud, tax evasion, willful failure to file tax returns, and willful filing of a false tax return. A jury convicted Janecek on all counts, and the district court[*] sentenced him to fifty-one months in prison.

Janecek appeals challenging the sufficiency of the evidence to convict him. Viewing the evidence in the light most favorable to the verdict, we conclude a reasonable jury could conclude beyond a reasonable doubt that Janecek was guilty of each offense. See United States v. Frost, 321 F.3d 738, 740 (8th Cir. 2003). On the mail fraud counts, the evidence showed Janecek embezzled thousands of dollars annually for more than six years and he used the mails to further his scheme. The Shrine's leadership, the circumstances surrounding the theft, and Janecek's own statements and actions showed the money was stolen rather than earned and he intended to defraud the Shrine. See id. at 740-41 (elements of offense). With respect to the tax evasion counts, the evidence showed Janecek willfully evaded taxes every year from 1995-98. See United States v. Brooks, 174 F.3d 950, 954 (8th Cir. 1999) (elements of offense). Janecek gave inconsistent reasons for failing to file tax returns and had no legitimate bad debt to write off as he eventually claimed. The Government presented enough evidence of willfulness to give the jury a reasonable basis to find Janecek intentionally evaded his income tax obligation. Id. at 955. The same evidence also showed Janecek willfully failed to file tax returns or filed a false tax return each year from 1995-98.

Janecek next asserts the district court abused its discretion by admitting a transcript of Janecek's sworn deposition testimony about his assets from a civil proceeding against him by his divorce lawyers. Janecek did not object to admission

---

[*]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

of the evidence at trial, however, so we review only for plain error. United States v. Johnson, 28 F.3d 1487, 1499 (8th Cir. 1994). We find none. The district court properly admitted the evidence. Janecek's deposition statements that he was a volunteer and received no income from the Shrine were relevant to the mail fraud counts for which Janecek claimed he was earning commissions rather than stealing. Janecek's numerous false statements in the deposition were admissible to impeach Janecek, whose credibility was at issue. The deposition testimony was also admissible to show Janecek's intent to evade taxes.

Janecek also challenges sentencing enhancements for his use of sophisticated means to commit his offenses and for his obstruction of justice. The district court did not commit clear error in finding Janecek's scheme to defraud involved sophisticated means because he "moved embezzled funds through both current and defunct entities in an attempt to conceal the fraud." See U.S.S.G. § 2F1.1(b)(5)(c). Note 15 to the Guideline states § 2F1.1(b)(5)(C) specifically applies to conduct like Janecek's–hiding assets or transactions by using fictitious entities. Last, the district court did not commit clear error in finding Janecek obstructed justice. U.S.S.G. § 3C1.1. The district court properly found by a preponderance of evidence that Janecek "knowingly and willfully testified falsely to several material facts," and thus properly enhanced Janecek's sentence for obstruction of justice. See United States v. Pena, 339 F.3d 715, 718 (8th Cir. 2003).

We affirm Janecek's conviction and sentence.

LAY, Circuit Judge, concurs in the result only.

_____