**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Anthony James, PEREZ, Defendant–**
**Appellant.**

No. 03–10291.
D.C. No. CR–02–00175–LRH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2004.

Decided Aug. 4, 2004.

Darin Lahood, AUSA, Ray Gattinella, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Las Vegas, NV, for Defendant–Appellant.

Before FERNANDEZ, PAEZ, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Anthony James Perez appeals his conviction for the crimes of felon in possession of a firearm and felon in possession of ammunition. *See* 18 U.S.C. § 922(g)(1). He alleges that a number of errors combined to deprive him of a fair trial. We affirm.

■ (1) Perez first complains about the admission of a tape of a 911 call from his mother to the police. He claims it was hearsay. It was not. *See United States v. Alarcon–Simi,* 300 F.3d 1172, 1175–76 (9th Cir.2002); *United States v. Gil,* 58 F.3d 1414, 1422 (9th Cir.1995); *Bemis v. Edwards,* 45 F.3d 1369, 1372 (9th Cir.1995). He also claims that it was not at all relevant. We disagree; it had some relevance. *See* Fed.R.Evid. 401; *United States v. Blitz,* 151 F.3d 1002, 1007 (9th Cir.1998); *see also United States v. Valencia–Amezcua,* 278 F.3d 901, 906 n. 2 (9th Cir. 2002). Finally, he claims that its prejudicial effect outweighed its relevance. *See* Fed.R.Evid. 403; *United States v. Layton,* 767 F.2d 549, 555—56 (9th Cir.1985). With that we agree, but on the basis of the record in this case, including the ample evidence of his guilt, we are satisfied that the error in admitting the tape was more

probably than not harmless. *See United States v. Chase,* 340 F.3d 978, 993 (9th Cir.2003) (en banc), *cert. denied,* —— U.S. ——, 124 S.Ct. 1531, 158 L.Ed.2d 157 (2004); *United States v. Beckman,* 298 F.3d 788, 793 (9th Cir.2002).

■ (2) The district court did not abuse its discretion when it allowed the government to lead a witness, Perez's mother, who was either reluctant, or suffering from significant lapses of memory, or both. *See* Fed.R.Evid. 611; *United States v. Archdale,* 229 F.3d 861, 865 (9th Cir.2000); *see also N. Pac. R.R. Co. v. Urlin,* 158 U.S. 271, 273, 15 S.Ct. 840, 841, 39 L.Ed. 977 (1895); *Thomas v. United States,* 227 F.2d 667, 671 (9th Cir.1955).

■ (3) Nor did the district court err when it excluded Perez's self-serving statement regarding ownership of the pants he was wearing, which he made to a police officer at or about the time of his arrest. It was pure hearsay and was, therefore, inadmissible. *See* Fed.R.Evid. 801; Fed. R.Evid. 802. Nor could that calculated, exculpatory statement be considered a present sense impression. *See Bemis,* 45 F.3d at 1372; *see also United States v. Woods,* 301 F.3d 556, 562 (7th Cir.2002); *United States v. Sewell,* 90 F.3d 326, 327 (8th Cir.1996).

■ Perez next claims that the admissions he made in taped telephone conversations from the jail to his brother should have been excluded because the fact that he made them from a jail was unduly prejudicial. We disagree. His admissions were not hearsay. *See* Fed.R.Evid. 801(d)(2). Moreover, they were highly probative,[2] the potential for prejudice was

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**2.** *See United States v. Garibay,* 143 F.3d 534,

slight, and the district court did give appropriate cautionary instructions.[3]

Perez then suggests that his own exculpatory telephone conversations, which were made weeks later, were congeners of the admissions and, therefore, should have come into evidence. Again, we disagree. Those statements were not necessary to "complete" the earlier statements and were hearsay into the bargain. *See United States v. Collicott,* 92 F.3d 973, 982–83 (9th Cir.1996).

■ (5) We agree that the indictment's charging of a number of ammunition possession offenses was multiplicitous. *See United States v. Vargas–Castillo,* 329 F.3d 715, 718–19 (9th Cir.), *cert. denied,* —— U.S. ——, 124 S.Ct. 504, 157 L.Ed.2d 401 (2003). However, that multiplicity did not result in prejudice to Perez. *See United States v. Matthews,* 240 F.3d 806, 817–18 (9th Cir.2000), *adopted by United States v. Matthews,* 278 F.3d 880, 884 (9th Cir.2002) (en banc). In fact, he might have benefitted from it. The evidence would have come in anyway, the jury ultimately found him not guilty on two of the counts, and two other counts were dismissed prior to sentencing.

(6) Finally, Perez insists that the cumulative effect of the "errors" denied him a fair trial. But the government's case was not weak,[4] the errors were minor,[5] and, of course, Perez was not entitled to a perfect

trial.[6] Thus, he cannot prevail on that basis either.

AFFIRMED.

**3.** *See United States v. Rogers,* 321 F.3d 1226, 1229—30 (9th Cir.2003); *United States v. Buck,* 548 F.2d 871, 876 (9th Cir.1977); *see also United States v. Escalante,* 637 F.2d 1197, 1202 (9th Cir.1980).

**4.** *See United States v. Frederick,* 78 F.3d 1370, 1381 (9th Cir.1996).

**5.** *See United States v. Karterman,* 60 F.3d 576, 579–80 (9th Cir.1995).

**6.** *See United States v. de Cruz,* 82 F.3d 856, 868 (9th Cir.1996).