# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1712

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Theresa Flieger, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 22, 2010
Filed: February 4, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Theresa Flieger appeals the district court's[1] judgment, entered upon a jury verdict finding her guilty of possession of pseudoephedrine, knowing it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). She was sentenced at the bottom of the calculated advisory Guidelines range to 151 months in prison and two years of supervised release. On appeal, Flieger's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence to support the jury's verdict and the district court's application of an

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

obstruction-of-justice sentencing enhancement under U.S.S.G. § 3C1.1. For the reasons that follow, we affirm.

Upon careful review, see United States v. Coleman, 584 F.3d 1121, 1125 (8th Cir. 2009) (denial of motion for judgment of acquittal is reviewed de novo, and evidence is viewed in light most favorable to verdict, giving verdict benefit of all reasonable inferences; reviewing court does not weigh evidence or assess witness credibility, and reverses only if no reasonable jury could have found defendant guilty beyond reasonable doubt), we find that the government's evidence was sufficient. In particular, the evidence at trial included the testimony of witnesses who observed Flieger give boxes of pseudoephedrine pills to a methamphetamine manufacturer in exchange for methamphetamine, and use methamphetamine. See United States v. Hudspeth, 525 F.3d 667, 677 (8th Cir. 2008) (to convict under § 841(c), government must prove defendant possessed or distributed pseudoephedrine "knowing, or having reasonable cause to believe, that . . . [it] will be used to manufacture a controlled substance"); see also United States v. Khattab, 536 F.3d 765, 769-70 (7th Cir. 2008) (affirming § 841(c)(2) conviction where evidence supported conclusion that defendant knew pseudoephedrine he attempted to purchase would be used to manufacture methamphetamine).

In addition, we conclude that the district court did not clearly err in finding that Flieger had given intentionally false testimony at trial in an effort to mislead the jury. While Flieger testified that she had merely consumed the pseudoephedrine pills she purchased over the years in question and had not used methamphetamine during this time, others testified as to their observations to the contrary. Thus, we hold that the district court did not err in applying the obstruction-of-justice enhancement. See United States v. Boesen, 541 F.3d 838, 851-52 (8th Cir. 2008) (reviewing district court's factual findings for clear error and its application of advisory Guidelines de novo; affirming imposition of § 3C1.1 enhancement where district court found by preponderance of evidence that defendant willfully gave false testimony concerning

material matter, rather than as result of confusion, mistake, or faulty memory); <u>United States v. Titlbach</u>, 300 F.3d 919, 924 (8th Cir. 2002) (affirming imposition of § 3C1.1 enhancement where defendant's testimony that he had not participated in methamphetamine manufacturing conflicted with other witnesses' testimony); <u>United States v. Simms</u>, 285 F.3d 1098, 1101-02 (8th Cir. 2002) (although § 3C1.1 is not intended to punish defendant for testifying, defendant who commits perjury is subject to enhancement).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and grant counsel's motion to withdraw.

_____