UNITED STATES of America, Appellee,

v.

Derek Isaac ALLMON, Appellant.

No. 91–2927EA.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1992.

Decided Aug. 11, 1992.

Ralph M. Cloar, Jr., Little Rock, Ark., argued, for appellant.

Lesa Bridges Jackson, Asst. U.S. Atty., Little Rock, Ark., argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LARSON,* Senior District Judge.

RICHARD S. ARNOLD, Chief Judge.

Derek Isaac Allmon was convicted of receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). The District Court [1] sentenced him to one year and ten months in prison. Allmon appeals his sentence. We affirm.

Allmon claims that the District Court wrongly increased his offense level by two for obstruction of justice, under U.S.S.G. § 3C1.1. He makes two principal arguments against this two-level enhancement. First, he argues that the District Court incorrectly relied on his, Allmon's, previous felony convictions, both of which were more than ten years old, in order to discredit the defendant's own testimony at the sentencing hearing about the incident which the government claimed amounted to an obstruction of justice. Second, Allmon claims that the alleged obstruction of justice, even if it in fact occurred, could not be the basis for an enhancement because it did not occur "during the investigation, prosecution, or sentencing of the instant offense...." [2]

The incident giving rise to the two-level increase occurred about two weeks after Allmon was indicted. A Drug Enforcement Administration agent was in Allmon's neighborhood, looking for vehicles Allmon owned which might be subject to forfeiture. (In addition to the firearms charge which is the subject of the present appeal, the indictment charged Allmon with cocaine offenses, which were later severed for separate proceedings.) Allmon ap-

---

* The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Hon. Steven M. Reasoner, Chief Judge, United States District Court for the Eastern District of Arkansas.

2. U.S.S.G. § 3C1.1 provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels."

proached the agent, and a conversation between them took place. During the conversation, if the agent's version is to be believed, Allmon, who was angry, stated that he knew where the agent's family and his girlfriend lived. The agent, not unreasonably, took this remark as a threat and reported the confrontation.

On appeal, Allmon challenges the District Court's finding that the conversation took place in accordance with the agent's testimony, and that the words spoken by Allmon were in fact a threat. In resolving the conflict of testimony between Allmon and the agent, the District Court said, among other things, that the only thing that distinguished the credibility of the agent's testimony from that of Allmon's testimony was "Mr. Allmon's [criminal] record." Sentencing Tr. 22. The Court then found that the conversation took place as testified to by the agent.

Allmon points out that the convictions referred to occurred in August of 1978, and that he had been discharged from confinement pursuant to these convictions on October 22, 1979, more than ten years before the sentencing hearing. Therefore, the argument runs, it was not proper to impeach his credibility by reference to these convictions. Under Fed.R.Evid. 609(b), evidence of a criminal conviction this old cannot be received for purposes of impeachment unless the court makes a special finding that its probative value is greater than its prejudicial effect. No such special finding was made here.

The argument fails for two reasons, either of which is fully sufficient. In the first place, the Rules of Evidence don't apply at sentencing proceedings. Fed. R.Evid. 1101(d)(3). And in the second place, the allegedly stale convictions were not the only reason for the District Court's decision to believe the agent instead of Allmon. At a previous hearing, one called for the purpose of deciding whether Allmon's pre-trial bail should be revoked, the Court had made the same finding, crediting the agent's testimony over Allmon's. On this occasion, the Court observed, among other things, that the agent had testified

before it a number of times, and that there had never been a trial in which the agent had testified against the defendant where the jury failed to convict. "I have also always found Agent Barnett to be a very truthful witness." July 3, 1991, Tr. 72. Thus, the old convictions were not the only reason given by the Court for believing the agent. It was not necessary for the Court, at the time of the later hearing, the sentencing hearing, to repeat reasons it had previously given for believing the agent.

■ The second argument against the two-level enhancement for obstruction of justice is a legal one. Under § 3C1.1, Allmon says, the obstruction of justice must occur with respect to the "instant offense." The operative phrase in the Guideline is "during the investigation, prosecution, or sentencing of the instant offense...." Allmon cites *United States v. Perdomo*, 927 F.2d 111, 118 (2d Cir.1991), in support of this argument. See also *United States v. Barry*, 938 F.2d 1327, 1332–33 (D.C.Cir. 1991). Here, defendant argues, the obstruction, assuming it occurred, took place after the investigation of the instant offense was complete. Allmon had already been indicted on the firearms charge at the time that he threatened the agent. The threats, therefore, could not have obstructed the investigation of the firearms charge.

A ready answer occurs to us. Even if investigation of the firearms charge was finally complete at the time of the indictment, the prosecution of that charge was still going on at the time of the threats, two weeks after the indictment. As a purely temporal matter, therefore, the threats did occur "during the ... prosecution ... of the instant offense...." Allmon might answer (though this argument is not in his brief) that the word "during" is not purely temporal, but rather connotes some logical relationship between the threats and the instant offense. Here, the threats had nothing to do with the firearms charge. What they obstructed was not prosecution of the firearms charge, "the instant offense," but, rather, investigation of possible forfeitures which might be a consequence of the drug offenses joined in

the same indictment with the firearms charge.

We need not pursue the permutations of these arguments. The legal point now urged on appeal was never made in the District Court, either in the evidentiary hearing at the time of sentencing, or in defendant's written objections to the presentence report's recommendation in favor of the two-level enhancement. Defendant's objection to the two-level enhancement, for example, simply argued that "any threat ... was wholly one arrived at in agent Barnett's own mind." Addendum to Presentence Report ¶ 3. The purport of this objection is either that no threat was made, or that the words uttered by Allmon, though understood by Barnett to be threatening, would not have been so understood by a reasonable person. There is no legal argument based on the wording of § 3C1.1. The District Court was never given the opportunity to grapple with the legal argument now urged on appeal. If it had been given this opportunity, it could conceivably have dropped the two-level enhancement in connection with the firearms charge, but assessed it later when sentence was imposed on the drug charges. (Allmon pleaded guilty to the drug charges after the jury convicted him on the firearms charge.) In any case, we normally do not reach legal questions that were not argued in the court below. No reason appears why this customary practice should not be followed in the present case. We therefore decline to reach Allmon's argument, which is based on a fairly narrow legal interpretation of § 3C1.1.

The sentence is affirmed.