982 F.2d 526
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Bob HIKE, Appellant.
 No. 92-2215.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1992.
Filed: December 21, 1992.
 
 Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 Bob Hike appeals the sixty-five-month sentence imposed by the district court[1] following his guilty plea to conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). We affirm.
 
 
 2
 On September 19, 1991, a grand jury indicted Hike, charging him with six drug offenses. Pursuant to a subsequent plea agreement, Hike pleaded guilty to the conspiracy count and the government dismissed the remaining five counts. The parties stipulated that the amount of cocaine involved in the conspiracy and attributable to Hike was between 500 grams and 2 kilograms.
 
 
 3
 The written agreement did not mention the possibility of a downward departure based on Hike's assistance to authorities. At the plea hearing, the government attorney stated that the plea agreement did not contain a promise that the government would move for a downward departure under U.S.S.G. § 5K1.1. He acknowledged, however, "that if [Hike] provides substantial assistance that will be evaluated and a motion will be given, but this plea agreement stands separate and apart from any considerations under 5K." (Tr. Vol. I at 10.) Hike said that he understood the government's position and that the plea agreement set forth all of the terms and conditions of his deal with the government.
 
 
 4
 At sentencing, the district court found Hike's total offense level to be 24, and his criminal history category III, yielding a sentencing range of 63-to-78 months. Prior to imposing sentence, the court asked the government for its recommendation. The government recommended a sentence at the low end of the range, noted that Hike had provided some assistance to the authorities, but stated:
 
 
 5
 We are not going to characterize that assistance as substantial assistance and will not move for a departure from the guidelines, but we do think it's fair to Mr. Hike to recommend the low end.
 
 
 6
 We would inform the court that the assistance resulted in an introduction to an individual who we were able to make a buy from.
 
 
 7
 So with that in mind we would make a recommendation at the low end of the guidelines.
 
 
 8
 (Id. at 41.) Hike's counsel did not object to the government's decision not to file a section 5K1.1 motion, but concurred in the government's recommendation for a sentence at the low end of the range.
 
 
 9
 On appeal, Hike argues that (1) the district court erred by failing to consider a downward departure based on his substantial assistance despite the absence of a government motion; (2) the government breached an implied term of the plea agreement by failing to move for a downward departure pursuant to section 5K1.1; and (3) the government motion requirement of section 5K1.1 and 18 U.S.C. § 3553(e) is unconstitutional. The government responds by asserting that Hike waived his right to raise these arguments on appeal by failing to advance them in the district court, and, in any event, the arguments lack merit.
 
 
 10
 The government correctly points out that, at sentencing, Hike failed to object to its decision not to move for a downward departure and failed to raise any of the arguments he now makes on appeal. We do not normally "reach legal questions that were not argued in the court below." United States v. Allmon, 972 F.2d 244, 247 (8th Cir. 1992). Thus, absent a showing of plain error resulting in a miscarriage of justice, Hike has waived his right to appellate review of his arguments. See United States v. Ragan, 952 F.2d 1049, 1049 (8th Cir. 1992) (per curiam). After carefully reviewing the record, we conclude that Hike has failed to establish plain error; therefore, we decline to reach the merits of his arguments.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska