989 F.2d 506
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Billy Ray SIMS, Appellant.
 No. 92-3086EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 17, 1993.
Filed: March 24, 1993.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 After Billy Ray Sims pleaded guilty to conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, the district court sentenced him to imprisonment for 46 months. Sims appeals his sentence, and we affirm.
 
 
 2
 This case involves Sims's agreement to purchase marijuana from a government informer, Carter, and an undercover officer, Thomas. Following a sentencing hearing, the district court found Sims had agreed to buy 100 pounds of marijuana from Carter on credit, but when Sims met Carter and Thomas at a hotel to buy the marijuana, Thomas offered to sell and Sims agreed to buy 150 pounds. The district court thus assigned Sims a base offense level corresponding to 150 pounds of marijuana. See U.S.S.G. § 2D1.1(c)(11). The district court denied Sims a reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1.
 
 
 3
 First, Sims asserts the district court's finding attributing 150 pounds of marijuana to him is clearly erroneous. We disagree. Thomas's testimony at the sentencing hearing and transcripts of Sims's conversations with Carter support the finding. Sims contends Thomas's testimony is incredible, but "witness credibility is an issue for the sentencing judge that is virtually unreviewable on appeal." United States v. Candie, 974 F.2d 61, 64 (8th Cir. 1992). Further, it appears Sims failed to preserve this contention by failing to impeach Thomas during cross-examination. Sims also argues the district court's finding is clearly erroneous because the government initiated the conversation about 150 rather than 100 pounds. Sims failed to present this legal argument to the district court, and thus, we decline to address it. See United States v. Allmon, 972 F.2d 244, 247 (8th Cir. 1992).
 
 
 4
 Second, Sims asserts the district court should have reduced his offense level for acceptance of responsibility. See U.S.S.G. § 3E1.1. Again, we disagree. Despite clear evidence to the contrary, Sims testified at sentencing that he intended to buy only $1100 worth of marijuana and did not agree to buy a specific amount. Because Sims refused to accept full responsibility for his criminal conduct, the district court did not commit clear error in denying Sims an acceptance-of-responsibility reduction. See United States v. Stockton, 968 F.2d 715, 721 (8th Cir. 1991); United States v. Contreras, 927 F.2d 1058, 1059 (8th Cir.), cert. denied, 112 S. Ct. 349 (1991).
 
 
 5
 Accordingly, we affirm Sims's sentence.