**UNITED STATES of America, Appellee,**

v.

**Leonard OVERSTREET, Appellant.**

**No. 93–1436.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 6, 1993.

Decided Aug. 3, 1993.

Ross Hauser, Cedar Rapids, IA, argued, for appellant.

Richard L. Murphy, Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Leonard Overstreet appeals the 150–month sentence imposed by the district court[1] following his guilty pleas to several drug offenses. We affirm.

Pursuant to a plea agreement, Overstreet pleaded guilty to two counts of distribution of cocaine and cocaine base, and one count of manufacturing cocaine base, in violation of 21 U.S.C. § 841. The presentence report (PSR) included within the offense level calculation a two-level increase under U.S.S.G. § 2D1.1(b)(1) (possession of a dangerous weapon). The PSR stated Overstreet had made several inquiries about obtaining firearms from the undercover agent with whom he had been dealing, and on September 4, 1992, Overstreet met with two undercover agents and agreed to trade cocaine base for two semiautomatic weapons and cash. Overstreet objected to the increase, arguing that he never possessed the weapons and that the weapons were not dangerous because they were not loaded. The district court held a sentencing hearing at which the government presented testimony from the two undercover agents. At the conclusion of the hearing, Overstreet reiterated his arguments. The district court sustained the increase, finding that Overstreet possessed the weapons during the drug transaction; that the weapons were dangerous within the meaning of the section 2D1.1(b)(1); that the weapons were clearly connected with the offense because they were accepted by Overstreet as partial payment for the cocaine; and that Overstreet asked the undercover officer to obtain the weapons for him on several occasions.

On appeal, Overstreet argues that the district court erred by overruling his objection because (1) under the circumstances, the guns were not dangerous weapons; and (2) the evidence was insufficient to establish that he actually possessed the weapons. He also argues that the increase should be reversed on the ground that the government agents engaged in sentencing entrapment by providing the weapons in return for drugs.

1. The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa.

■ We review an increase under section 2D1.1(b)(1) for clear error. *United States v. Bruce,* 984 F.2d 928, 932 (8th Cir.1993). Section 2D1.1(b)(1) provides for a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed." The commentary explains that the increase applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3).

■ Contrary to Overstreet's contention, the district court did not clearly err by finding that the two nine-millimeter semiautomatic weapons he accepted as partial payment for the cocaine qualified as "firearms" and "dangerous weapons" as those terms are defined in the Guidelines. *See* U.S.S.G. § 1B1.1, comment. (n.1(d), (e)). Likewise, we reject Overstreet's claim that the firearms were not dangerous because they were unloaded. *See, e.g., United States v. Rowley,* 975 F.2d 1357, 1363–64 (8th Cir.1992) (increase affirmed where unloaded weapons found at scene of drug transaction). We also agree with the district court's conclusion that the weapons were directly connected to the drug transaction because they were accepted as partial payment for the cocaine Overstreet supplied. *See Smith v. United States,* — U.S. —, —, 113 S.Ct. 2050, 2053, 124 L.Ed.2d 138 (1993) (holding that exchange of gun for narcotics constitutes "use" of firearm "during and in relation to [a] drug trafficking crime" under 18 U.S.C. § 924(c)(1)). Overstreet's claim that the evidence was insufficient to establish that he possessed the firearms is meritless. Finally, we decline to address Overstreet's claim of sentencing entrapment because he did not make this argument in the district court and he offers no explanation for his failure to do so. *See United States v. Allmon,* 972 F.2d 244, 247 (8th Cir.1992).

Accordingly, we affirm.