_____

No. 96-1034
_____

United States of America,    *
                             *
          Appellee,          *
                             *  Appeal from the United States
     v.                      *  District Court for the
                             *  Eastern District of Arkansas.
Ronald Wayne Thomas,         *
                             *       [UNPUBLISHED]
          Appellant.         *

_____

Submitted:  August 1, 1996

Filed:  August 27, 1996
_____

Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.

_____

PER CURIAM.


     After a jury found Ronald Wayne Thomas guilty of one count of
possession with intent to distribute cocaine base in violation of 21 U.S.C.
§ 841(a)(1) and (b)(1)(C), the district court sentenced him to 151 months
imprisonment and three years supervised release.  On appeal, Thomas argues
that the district court improperly assessed a two level increase for
possession of a revolver, pursuant to U.S.S.G. § 2D1.1(b)(1).


     We agree with the district court's assessment of the § 2D1.1(b)(1)
increase.  The revolver in question--a .357 magnum--was found underneath
the mattress in the bedroom of Thomas's apartment at the time of his
arrest.  Police also found a container of crack cocaine in the adjacent
bathroom.  The proximity of

Thomas, the drugs, and the revolver established a sufficient nexus between the revolver and Thomas's criminal activity.  See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (increase applies if weapon is present, unless clearly improbable that weapon was connected with offense); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (government showed sufficient nexus between weapon and criminal activity where drugs and guns were accessible and on premises from which defendant conducted drug-related activities). Contrary to Thomas's suggestion, the increase was proper even though the revolver was unloaded.  See United States v. Overstreet, 5 F.3d 295, 297 (8th Cir. 1993) (per curiam) (rejecting challenge to increase on ground that weapon was not dangerous as it was not loaded); United States v. Rowley, 975 F.2d 1357, 1363-64 (8th Cir. 1992) (affirming increase where unloaded weapons found where defendant also kept drugs).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.