95 F.3d 1155
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Ronald Wayne THOMAS, Appellant.
 No. 96-1034.
 United States Court of Appeals, Eighth Circuit.
 Submitted Aug. 1, 1996.
Filed Aug. 27, 1996.
 
 Before BOWMAN, MAGILL, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury found Ronald Wayne Thomas guilty of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), the district court sentenced him to 151 months imprisonment and three years supervised release. On appeal, Thomas argues that the district court improperly assessed a two level increase for possession of a revolver, pursuant to U.S.S.G. § 2D1.1(b)(1).
 
 
 2
 We agree with the district court's assessment of the § 2D1.1(b)(1) increase. The revolver in question--a .357 magnum--was found underneath the mattress in the bedroom of Thomas's apartment at the time of his arrest. Police also found a container of crack cocaine in the adjacent bathroom. The proximity of Thomas, the drugs, and the revolver established a sufficient nexus between the revolver and Thomas's criminal activity. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (increase applies if weapon is present, unless clearly improbable that weapon was connected with offense); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir.1996) (government showed sufficient nexus between weapon and criminal activity where drugs and guns were accessible and on premises from which defendant conducted drug-related activities). Contrary to Thomas's suggestion, the increase was proper even though the revolver was unloaded. See United States v. Overstreet, 5 F.3d 295, 297 (8th Cir.1993) (per curiam) (rejecting challenge to increase on ground that weapon was not dangerous as it was not loaded); United States v. Rowley, 975 F.2d 1357, 1363-64 (8th Cir.1992) (affirming increase where unloaded weapons found where defendant also kept drugs).
 
 
 3
 Accordingly, we affirm the judgment of the district court.