# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3817/4093

_____

United States of America,      *
                                   *

          Cross-Appellant/Appellee,  *

                                   *   Appeal from the United States

     v.                              *   District Court for the Northern

                                   *   District of Iowa.

Gabriel Aguilar-Portillo, also known as  *

Gabbie,                            *

                                   *

          Appellant/Cross-Appellee.  *

_____

Submitted: May 13, 2003

Filed: July 1, 2003

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Following a jury trial, Gabriel Aguilar-Portillo was convicted of conspiring to distribute and to possess with intent to distribute methamphetamine, and of distributing and possessing methamphetamine with intent to distribute it, in violation of 21 U.S.C. § 846 and § 841(a)(1). He appeals the district court's denials of his post-conviction motions for acquittal due to insufficient evidence and for a new trial based on the weight of the evidence. The government cross-appeals the district court's

decision not to enhance Mr. Aguilar-Portillo's sentence for obstruction of justice and the court's determination to depart downward on account of his "cultural assimilation." We affirm the district court's denials of Mr. Aguilar Portillo's post-conviction motions and its decision not to enhance his sentence for obstruction, but we reverse the district court's decision to depart downward.

## I.

We turn first to Mr. Aguilar-Portillo's motion for acquittal due to insufficient evidence. "We review the denial of a motion for acquittal by viewing the evidence in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences to be drawn from the evidence." *United States v. Davis*, 103 F.3d 660, 667 (8th Cir. 1996), *cert. denied* 520 U.S. 1258 (1997). "We will uphold the conviction against a challenge to the sufficiency of the evidence unless 'a reasonable factfinder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements.' " *Id.* (quoting *United States v. Ivey*, 915 F.2d 380, 383 (8th Cir. 1990)).

To prove a conspiracy like the one with which Mr. Aguilar-Portillo was charged, the government must prove that two or more persons reached an agreement to distribute or possess with intent to distribute methamphetamine, that the defendant voluntarily and intentionally joined the agreement, and that at the time that the defendant joined the agreement he knew its essential purpose. *See United States v. Holloway*, 128 F.3d 1254, 1257 (8th Cir. 1997). At trial, several co-conspirators testified to the details of a conspiracy to distribute methamphetamine and to Mr. Aguilar-Portillo's involvement in it. Though we recognize that a reasonable mind could entertain concerns about "the reliability and consistency of these accounts" because these co-conspirators testified in exchange for leniency from the government, *see United States v. Aguayo-Delgado*, 220 F.3d 926, 935 (8th Cir. 2000), *cert. denied,* 531 U.S. 1026 (2000), this testimony more than suffices to sustain a conviction for conspiracy to distribute methamphetamine.

To prove a case of distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1), the government must show that the defendant "knowingly sold or otherwise transferred methamphetamine." *See United States v. Rogers*, 91 F.3d 53, 57 (8th Cir. 1996). The government produced evidence that a car registered to Mr. Aguilar-Portillo was observed outside a house where two pounds of methamphetamine were purchased, and the seller testified that he received the methamphetamine for the sale from Mr. Aguilar-Portillo. While we recognize that Mr. Aguilar-Portillo testified that he had nothing to do with any drugs, we note that "[i]t is not the province of this Court to reweigh evidence or judge the credibility of witnesses when reviewing the sufficiency of the evidence on appeal." *United States v. Buford*, 108 F.3d 151, 153 (8th Cir. 1997) (internal quotations omitted). Taking the evidence in the light most favorable to the government, we conclude that a reasonable jury could have found that Mr. Aguilar-Portillo had distributed methamphetamine.

Based on the testimony which the jury was entitled to credit, we also conclude that a reasonable jury could have convicted Mr. Aguilar-Portillo of possessing methamphetamine with intent to distribute it in violation of § 841, and conspiring to do so in violation of §846 as well.

## II.

We consider next the district court's decision not to grant a new trial, which we will affirm "absent a clear and manifest abuse of discretion." *United States v. Jiminez-Perez*, 238 F.3d 970, 974 (8th Cir. 2001). A new trial should be granted based on the weight of the evidence "only if the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotations omitted). In light of the evidence cited above, we cannot conclude that a miscarriage of justice occurred here with respect to either of Mr. Aguilar-Portillo's convictions. We thus affirm the district court's denial of his motion for a new trial.

## III.

We turn next to the district court's decision not to enhance Mr. Aguilar-Portillo's sentence for obstruction of justice and its decision to depart downward on account of his "cultural assimilation." We consider first the lack of an obstruction enhancement. We review the factual findings underlying the district court's decision not to enhance the sentence for obstruction for clear error, while the "application of the sentencing guidelines to those facts is subject to de novo review." *United States v. Esparza*, 291 F.3d 1052, 1054 (8th Cir. 2002).

At trial, Mr. Aguilar-Portillo denied that he participated in any conspiracy to distribute methamphetamine and denied several other material matters. A defendant is subject to an obstruction-of-justice enhancement under the United States Sentencing Guidelines, *see* U.S.S.G. § 3C1.1, "if he testifies falsely under oath in regard to a material matter and does so willfully rather than out of confusion or mistake." *United States v. Chadwick*, 44 F.3d 713, 715 (8th Cir. 1995) (per curiam) (citing *United States v. Dunnigan*, 507 U.S. 87 (1993)). "If a defendant objects to an obstruction of justice enhancement based on perjury, the district court 'must review the evidence and make independent findings' that the defendant willfully gave false testimony concerning a material matter in the case." *Esparza*, 291 F.3d at 1055 (quoting *Dunnigan*, 507 U.S. at 95). The district court refused to make such a finding here, noting, among other things, several contradictions in various witnesses' testimony, a probable lie by one of the prosecution's witnesses, the fact that the jury deliberated for a day and a half, the fact that Mr. Aguilar-Portillo did not look evasive, and the fact that he merely made unembellished denials.

The government contends that an enhancement for obstruction was warranted because Mr. Aguilar-Portillo's denials pertained to material matters, were not caused by "confusion, mistake, or faulty memory," and, because they were contrary to the jury verdict, were necessarily false. The government argues that the district court erroneously created a so-called "exculpatory no" exception to obstruction

-4-

enhancements for false testimony, pointing to statements by the district court at the sentencing hearing such as "I don't know what [Mr. Aguilar-Portillo] might have said, but he--if he was making an outright fabrication in addition to what he had--just a plain no he said here, then I would certainly be having a problem."

The "exculpatory no" exception enjoyed a long pedigree as a judicially-created exception to the prohibitions of the False Statements Act, 18 U.S.C. § 1001. *See Brogan v. United States*, 522 U.S. 398, 401 (1998) (citing cases). "The central feature of this doctrine [was] that a simple denial of guilt does not come within the statute." *Id.* But the Supreme Court in *Brogan* rejected this exception, concluding that a simple denial of guilt could be a false statement under the Act. *See id.* at 402, 408.

Although we agree with the government that there can be no such thing as an "exculpatory no" defense when the question before the district court is whether the defendant has obstructed justice, since a simple denial of guilt can be as perjurious as any other false statement as long the defendant willfully intended to provide false testimony, *see Dunnigan*, 507 U.S. at 94, we disagree with the government's characterization of the district court's determination here. Our careful examination of the transcript of the sentencing hearing leads us to conclude that the district court was merely of the view that Mr. Aguilar-Portillo's "no's" were not perjurious, not that a simple denial of guilt without more was not perjurious as a matter of law. In other words, we think that the district court believed that the government did not prove by a preponderance of the evidence that Mr. Aguilar-Portillo was lying.

Citing cases from other jurisdictions and other contexts, *see, e.g.*, *United States v. Reed*, 264 F.3d 640, 648 (6th Cir. 2001), *cert. denied* 535 U.S. 962 (2002), the government argues that the district court was not permitted to find that Mr. Aguilar-Portillo did not willfully provide false testimony by his denials, because, for sentencing purposes, a court must presume that the verdict is correct and that the defendant is guilty. But we have explicitly rejected that contention. As we explained

-5-

in *United States v. Benson*, 961 F.2d 707, 709 (8th Cir. 1992), "the enhancement may not be based solely upon [the defendant's] failure to convince the jury of his innocence" but rather "may be 'based on the experienced trial judge's express finding, based on the judge's personal observations, that [the defendant] lied to the jury." *Id.* at 709 (quoting *United States v. Ogbeifun*, 949 F.2d 1013, 1014 (8th Cir. 1991); *see also United States v. Gomez*, 165 F.3d 650, 654-55 (8th Cir. 1999). Although the jury adjudicates guilt, the district court is responsible for making findings relevant to the matter of obstruction, and if the government does not convince the court that the defendant willfully intended to provide false testimony, an enhancement for obstruction because of false testimony is not warranted. *See Dunnigan*, 507 U.S. at 95; *United States v. O'Dell*, 204 F.3d 829, 836 (8th Cir. 2000). We discern no clear error of fact or error of law in the district court's determination not to enhance Mr. Aguilar-Portillo's sentence for obstruction.

We now consider the district court's decision to depart downward on account of Mr. Aguilar-Portillo's "cultural assimilation." The court relied on *United States v. Lipman*, 133 F.3d 726, 729-731 (9th Cir. 1998), in which the court discussed the propriety of departing downward for "cultural assimilation" when a defendant who was convicted of illegal entry after deportation had lived for some time and established himself in the United States. Here the district court, noting that Mr. Aguilar-Portillo had lived in the United States since 1987 and had children here, granted him a one-level downward departure for "cultural assimilation."

We review *de novo* "the issue of whether a departure 'is not justified by the facts of the case.' " *See United States v. Aguilar-Lopez*, 329 F.3d 960, 962 (8th Cir. 2003) (quoting 18 U.S.C. § 3742(e), as amended April 30, 2003). Even if we agreed with the principle established in *Lipman*, we think that a departure was not appropriate here. Under that case, "cultural assimilation" is "relevant to the character of a defendant ... insofar as his culpability might be lessened if his motives were familial or cultural rather than economic." *See Lipman*, 133 F.3d at 731. A

downward departure for "cultural assimilation" could simply have no role in sentences for drug crimes and was not properly afforded here.

## IV.

Mr. Aguilar-Portillo argues that he is entitled to a new trial as a matter of law because the district court declined to enhance his sentence for obstruction of justice. We disagree, because considerations governing the two decisions, while interrelated, are distinct: An enhancement for false testimony has to do with whether a district court believes that the government proved that the defendant willfully intended to deceive the fact-finder on a material matter, *see O'Dell*, 204 F.3d at 836; a new trial is warranted if the district court believes that the jury verdict represents a miscarriage of justice. A district court might well rationally believe that the defendant's guilt was sufficiently ambiguous that an enhancement for obstruction was improper, but was nevertheless supported by enough evidence to convince a reasonable person that the defendant was guilty. Indeed, from our review of the record, we believe that the district court properly so concluded here.

## V.

Accordingly, the judgment of conviction is affirmed, the sentence is vacated, and the case is remanded to the district court for resentencing in accordance with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-