# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 03-2309

_____

United States of America,     *

                  *

          Appellee,     *

                  *     Appeal from the United States

    v.                 *     District Court for the

                  *     Northern District of Iowa.

Ronnie Reginald Rogers,     *

also known as Reggie Rogers,     *     [UNPUBLISHED]

                  *

          Appellant.

_____

Submitted: February 10, 2004
Filed: March 2, 2004 (Corrected March 25, 2004)

_____

Before MORRIS SHEPPARD ARNOLD, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury convicted Ronnie Reginald Rogers of one count of conspiring to distribute 50 grams or more of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846, and 860, and three counts of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 851, and 860. The district court[1] calculated a base

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

offense level of 36 under U.S.S.G. § 2D1.1, a two-level increase under U.S.S.G. § 2D1.2 for Rogers' commission of the drug offenses near a protected location, and a four-level increase under U.S.S.G. § 3B1.1 for Rogers' aggravating role in the offense. The district court sentenced Rogers to concurrent terms of 360 months imprisonment on each count of conviction, with a 10-year term of supervised release on the conspiracy count and 6-year terms of supervised release on the distribution counts. Rogers appeals his convictions and his sentence, and we affirm.

In resolving a challenge to the sufficiency of the evidence supporting a conviction, we must view the evidence in the light most favorable to the prosecution. See Miller v. Lock, 108 F.3d 868, 870 (8th Cir. 1997). If "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," we must uphold the conviction. Id. Rogers argues that the jury's verdict was not supported by sufficient evidence because much of the evidence against him came from cooperating witnesses. As we have held in similar cases, the testimony of cooperating witnesses "more than suffices to sustain a conviction for conspiracy to distribute [drugs]," United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003), and any question as to the credibility of the cooperating witnesses is for the jury alone to determine, United States v. Mangine, 302 F.3d 819, 823 (8th Cir. 2002). Further, in this case, the evidence of controlled buys, videotaped surveillance of Rogers' car wash, seizure of drug-related items, and telephone and IRS records corroborated the cooperating witnesses' testimony. Thus, there was more than sufficient evidence to convict Rogers on the conspiracy and distribution charges.

Rogers argues for the first time on appeal that he is entitled to an acceptance-of-responsibility sentencing reduction because of his posttrial willingness to share information with the government and because he allegedly relied on the fact that some of his coconspirators received cooperation agreements. The adjustment that Rogers seeks "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying essential factual elements of guilt." U.S.S.G.

2

§ 3E1.1, comment. (n.2). None of Rogers' coconspirators who went to trial received a § 3E1.1 adjustment. Further, we disagree that Rogers has a constitutional right to the same plea agreement and sentence reductions received by his coconspirators. See United States v. Buckendahl, 251 F.3d 753, 759 (8th Cir.) (noting that sentencing disparities between coconspirators do not serve as proper bases for sentencing reduction), cert. denied, 534 U.S. 1049 (2001); Nguyen v. United States, 114 F.3d 699, 704 (8th Cir. 1997) ("[T]here is no constitutional right to plea bargain.") (internal marks and citation omitted). Thus, the district court did not plainly err by denying Rogers an acceptance-of-responsibility reduction. United States v. Eads, 144 F.3d 1151, 1154 (8th Cir. 1998) (standard of review). Finally, Rogers has presented no evidence for us to conclude that the district court clearly erred in imposing a four-level enhancement for Rogers' role as an organizer or leader in the crime. See United States v. Mendoza, 341 F.3d 687, 693 (8th Cir. 2003) (standard of review).

Accordingly, we affirm the judgment of the district court.

_____