# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3560

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| David L. Willoughby, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

_____

Submitted: June 10, 2004
Filed: July 7, 2004

_____

Before WOLLMAN, LAY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

On October 15, 2002, David Willoughby was charged with two counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), based on two alleged sales of crack cocaine to a confidential informant on June 17 and June 25, 2002. After a trial, the jury found him not guilty of count one of the indictment but guilty of count two. He was thereafter sentenced to ninety-two months' imprisonment followed by five years' supervised release. He now appeals the district court's[1] denial of his motion for acquittal at the close of

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

evidence, claiming that the evidence was insufficient to support the jury's guilty verdict.

We review the district court's denial of Willoughby's motion for acquittal *de novo*, viewing the evidence in the light most favorable to the verdict and giving the government the benefit of all reasonable inferences. United States v. Serrano-Lopez, 366 F.3d 628, 634 (8th Cir. 2004). We will reverse only if we find that no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Frank, 354 F.3d 910, 916 (8th Cir. 2004).

After reviewing the record, we find the evidence was more than sufficient to support the conviction. At trial, Detective Don Stanze of the Kansas City, Missouri, Police Department testified that on June 25, 2002, he arranged a "controlled buy" between Gary Jackson, a confidential informant working in cooperation with the police, and Willoughby. Jackson was given $750 to purchase an ounce of crack cocaine from Willoughby. He was searched and wired before meeting Willoughby in Willoughby's car on the side of the road. Detective Stanze observed the two men in the car from a distance and listened to their conversation through the wire Jackson was wearing. As Jackson exited the car, officers arrived and detained Willoughby and Jackson. Willoughby was arrested and searched by the officers, who found the $750 of pre-recorded buy money in his possession. Detective Stanze found approximately an ounce of crack cocaine on Jackson. Detective Stanze identified Willoughby at trial as the individual who sold drugs to Jackson on June 25, 2002.

Jackson also testified for the government, recounting much of what Detective Stanze stated, but also testifying to what happened in the car during the June 25, 2002, controlled buy. In particular, he testified that, as planned, he purchased an ounce of crack cocaine from Willoughby for $750.

Willoughby's sole argument on appeal is that Jackson's trial testimony was unreliable because he was cooperating with the government in exchange for leniency in unrelated charges pending against him. It is up to the jury, however, not this court, to assess Jackson's credibility. See United States v. Jackson, 345 F.3d 638, 647 (8th Cir. 2003); United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003). The jury was not required to disregard Jackson's testimony simply because he was cooperating with the government for leniency. See Aguilar-Portillo, 334 F.3d at 747. Moreover, as shown above, Jackson's testimony was not the only proof offered by the government, but was corroborated and buttressed by the testimony of Detective Stanze. We therefore find that the evidence was sufficient to support the verdict. Accordingly, we affirm the district court.

AFFIRMED.

_____