# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-3468

———————

United States of America,

      Plaintiff - Appellee,

v.

Richard Mose McElrath,

      Defendant - Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Minnesota.
\*
\*      [UNPUBLISHED]
\*

———————

Submitted: May 10, 2005
Filed: May 24, 2005

———————

Before WOLLMAN, BRIGHT, and BYE, Circuit Judges.

———————

BRIGHT, Circuit Judge.

     The government charged Richard Mose McElrath in a one-count indictment alleging that he conspired to possess with the intent to distribute more than fifty grams of cocaine base. Before trial, McElrath filed a discovery motion and a motion to suppress evidence. The district court[1] denied both motions. After the trial, the jury found McElrath guilty. At sentencing, the district court overruled McElrath's objections to the presentence investigation report. The district court sentenced

———————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

McElrath as a career criminal offender to 360 months imprisonment. McElrath appeals and argues there was insufficient evidence for the jury to find him guilty, the district court erred in refusing to suppress evidence of the drugs seized, and the government provided incomplete discovery. McElrath also raises several sentencing issues, arguing the government engaged in sentencing entrapment, the district court erred in using a prior state conviction as a predicate offense under the career offender provisions, and the district court violated <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), by sentencing him as a career offender. We affirm McElrath's conviction, but vacate his sentence and remand for resentencing.

## I.     Background

FBI agent David Rapp worked with local police in investigating McElrath. The police decided to have a confidential informant, Scott Hester, purchase drugs from McElrath. Hester had worked as an informant for the police in the past.

Hester called McElrath and asked to meet with him. The police gave Hester $1,000 in marked bills and equipped him with a recording device. Hester purchased one ounce of crack cocaine from McElrath and Terrina Lyod in Minneapolis. After the purchase, Hester turned over one ounce of crack to Officer Bart Hauge. A second controlled purchase took place over a week later, where Hester purchased two ounces of crack from McElrath for $1,800 in marked bills. A third controlled purchase took place several weeks later, where Hester purchased two more ounces of crack from Lyod in exchange for $1,800 in marked bills.

The police arrested McElrath and Lyod. The police searched McElrath and found $3,450 in his pocket. The police executed a search warrant of McElrath's business in Minneapolis. The police also executed a search warrant at McElrath's residence and found a white bag containing powder cocaine in a bush near the rear

deck and a bullet proof vest in the bedroom. The police also discovered traces of cocaine on a scale and recovered $8,020 in cash.

The government charged McElrath in a one-count indictment alleging that he conspired to possess with the intent to distribute more than fifty grams of cocaine base. The government filed an information notifying McElrath that he was subject to a twenty-year mandatory minimum penalty due to a prior controlled substance conviction.

Before trial, McElrath filed a discovery motion. McElrath also moved to suppress evidence obtained pursuant to the search warrants. The magistrate judge recommended denial of the motions, and the district court adopted the recommendation and denied the motions.

After trial, the jury found McElrath guilty. The district court sentenced McElrath as a career criminal offender, based on his two prior convictions, to 360 months imprisonment. McElrath filed a timely notice of this appeal.

## II. Discussion

McElrath first argues he is entitled to a new trial, because he demanded, but did not receive, discovery of all exhibits the government intended to use at trial and documents upon which the exhibits were based. McElrath has waived this issue as he did not raise the issue before the district court.

McElrath next argues the district court erred in denying his motion to suppress the evidence. When reviewing suppression motions, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Sheikh, 367 F.3d 756, 762 (8th Cir. 2004).

McElrath argues the district court erred in denying his motion to suppress the evidence, because the search warrants do not contain a description of probable cause to believe that evidence of illegal activity would be found. The police executed two search warrants, one at McElrath's business and one at McElrath's residence. The affidavits in support of the search warrants each described McElrath's position as a leader of a gang, the Gangster Disciples. The affidavit in support of the search warrant issued for McElrath's business included information that a confidential reliable informant had observed large amounts of cocaine inside the store in the previous weeks. The affidavit noted that police had conducted surveillance at the store and confirmed activity consistent with drug trafficking. The affidavit in support of the search warrant issued for McElrath's residence described information received from a confidential reliable informant that McElrath had distributed crack cocaine with the assistance of gang members. The affidavit also noted that police had observed several known members of the Gangster Disciples coming and going from the residence. We affirm, because the applications for search warrants show probable cause.

McElrath also contends the district court erred in denying his motion to suppress the evidence, because the federal officer's participation in the search was improper. McElrath never raised the issue of the federal officer's participation in the search of his residence, therefore he has waived the issue. See United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002) (noting that "under Fed. R. Crim. P. 12(b)(3) a suppression issue *must* be raised before trial, and the failure to raise the issue in a timely pretrial motion results in "waiver" of the matter under Rule 12(f)).

McElrath next argues the evidence was insufficient for the jury to find him guilty. We review a challenge to the sufficiency of the evidence de novo. United States v. Parker, 364 F.3d 934, 943 (8th Cir. 2004). In reviewing the sufficiency of the evidence, we consider the evidence in the light most favorable to the government, resolve evidentiary conflicts in favor of the government, and draw all reasonable

inferences from the evidence in support of the jury's verdict. United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003). We will reverse only if no reasonable jury could have found the accused guilty beyond a reasonable doubt. Id.

McElrath argues the evidence was insufficient for the jury to find him guilty, asserting that the government used an inherently unreliable confidential informant with no corroborating witnesses. The government's witnesses, however, were all thoroughly cross-examined by McElrath's counsel. In addition, we must draw the reasonable inference (based on the guilty verdict) that the jury found the government's witnesses credible. Id. This court has noted that "[i]t is not the province of this Court to reweigh evidence or judge the credibility of witnesses when reviewing the sufficiency of the evidence on appeal." United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003) (quotations omitted). We affirm.

McElrath also argues the evidence was insufficient for the jury to find him guilty, because the government failed to have a witness identify exhibit 39 as cocaine base or crack. A chemist, however, testified and created a lab report that identified the substance as crack. In addition, even without the evidence that McElrath claimed was not identified as cocaine base, the government still proved that McElrath sold crack on two other occasions weighing in excess of fifty grams. We reject this claim.

McElrath next raises several sentencing issues. First, McElrath argues the government engaged in sentencing entrapment, because Hester, at the urging of the police, initiated contact with and coaxed McElrath to sell crack. McElrath failed to raise this claim of sentencing entrapment before the district court and has waived this issue. See United States v. Overstreet, 5 F.3d 295, 297 (8th Cir. 1993) (refusing to address defendant's claim of sentencing entrapment because the argument was not raised with the district court).

Next, McElrath argues his state controlled substance conviction should not have been used under the career criminal offender provisions, because an FBI agent was impermissibly involved in the investigation. This issue lacks merit, because the Supreme Court has determined that, except for convictions obtained in violation of a defendant's right to counsel, a defendant in a federal sentencing proceeding has no constitutional right to collaterally attack the validity of his previous state convictions which are used to enhance his sentence. Custis v. United States, 511 U.S. 485 (1994). This court has applied the Supreme Court's holding to federal sentencing proceedings where the sentencing court is considering whether the defendant is a career offender under the sentencing guidelines. See Moore v. United States, 178 F.3d 994 (8th Cir.), cert. denied, 528 U.S. 943 (1999).

McElrath also argues that the district court erred in sentencing him under the career offender guidelines, which, McElrath contends, are no longer valid post-Booker. We have already decided that, post-Booker, the career offender guidelines are constitutional and may be applied. See United States v. Nolan, 397 F.3d 665 (8th Cir. 2005) (finding of a prior conviction, triggering the mandatory minimum sentence under the Armed Career Criminal Act, does not raise a Booker issue); United States v. Marcussen, 403 F.3d 982, 984 (8th Cir. 2005) (determining that a prior conviction does not need to be submitted to a jury or proved beyond a reasonable doubt and sentences under the career offender guidelines "do[] not involve a Sixth Amendment violation").

Although the district court may apply the career offender guidelines, the government, at oral argument, conceded error under Booker. The district court (understandably) treated the Guidelines as mandatory. Having preserved a timely Blakely objection below, McElrath is entitled to a resentencing hearing at which the district court treats the Guidelines as advisory. Accordingly, we remand this case to the district court for resentencing consistent with Booker.

Finally, McElrath has raised several issues in his pro se briefs. We have carefully reviewed the pro se briefs and determine that the briefs do not raise any meritorious issues.

## III. Conclusion

We affirm McElrath's conviction, but vacate the sentence and remand the case for resentencing.

_____