**UNITED STATES of America,**
**Appellee,**

v.

**Teiontay BRAXTON, Jennifer Doolan, Defendants.**

**Denroy Scarlett, Defendant–Appellant.**

**No. 05–3896–CR.**

United States Court of Appeals, Second Circuit.

March 27, 2006.

Thomas D. Anderson, Assistant United States Attorney (Paul J. Van de Graaf, Chief, Criminal Division, on the brief) for David V. Kirby, United States Attorney for the District of Vermont, Burlington, VT, for Appellee.

Thomas A. Zonay, Ford & Zonay, P.C., Woodstock, VT, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

We assume the parties' familiarity with the facts and procedural history of this case. Defendant–Appellant Denroy Scarlett ("Appellant") pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. § 846. He was sentenced by the district court to a term of 32 months' imprisonment, a period within the Guideline range of 30 to 37 months calculated by the district court. Appellant, a Jamaican citizen who has lived in the United States since childhood and whose entire immediate family, including his young son, lives in this country, now challenges this sentence only to the extent that he argues that the district court failed to recognize its authority to depart downwardly due to his "cultural assimilation."

We review for abuse of discretion a sentencing judge's decisions with respect to whether to grant a downward departure. *United States v. Brady*, 417 F.3d 326, 332 (2d Cir.2005). " 'A district court "abuses" or "exceeds" the discretion accorded to it [with respect to departures] when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.' " *Id.* at 332–33 (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir.2001)).

The district court correctly concluded that it was without authority to grant a downward departure based on the Appellant's cultural assimilation where, as here, the defendants' decision to commit the crime of conviction was not motivated by his emotional and familial ties to this country. This Court never has had occasion to decide whether cultural assimilation provides a proper basis for a downward departure. However, the courts that have approved cultural assimilation departures (drawing on U.S.S.G. §§ 5K2.0, 5H1.6 and 2L1.2) have done so only where a defendant, having spent a large portion of his or her life in the United States and developed extensive cultural and familial ties here, attempted to re-enter the country illegally. *See United States v. Lipman*, 133 F.3d 726, 731 (9th Cir.1998) (explaining that "cultural assimilation is a fact-specific

ground for departure that may speak to an individual defendant's offense, his conduct and his character"); *see also United States v. Rivas–Gonzalez,* 384 F.3d 1034, 1044–45 (9th Cir.2004) (holding that cultural assimilation departure is not available where a defendant developed his ties to the United States after his illegal re-entry); *United States v. Aguilar–Portillo,* 334 F.3d 744, 750 (8th Cir.2003) (stating that "[a] downward departure for 'cultural assimilation' could simply have no role in sentences for drug crimes"); *United States v. Rodriguez–Montelongo,* 263 F.3d 429, 433–34 (5th Cir.2001); *United States v. Martinez–Alvarez,* 256 F.Supp.2d 917, 919 (E.D.Wis. 2003) ("[T]he defendant worthy of such a departure [based on cultural assimilation] will have been motivated to re-enter because he wishes to be with his family in the United States and has otherwise been 'assimilated' into this country."); *United States v. Reyes–Campos,* 293 F.Supp.2d 1252, 1259 (M.D.Ala.2003) (concluding that defendant's "unusual cultural and familial ties to the United States motivated his illegal reentry").

Here, Appellant's ties to this country do not speak to his motivation for engaging in heroin dealing, or otherwise speak to his offense, conduct or character. Accordingly, even assuming, *arguendo,* that a district court may grant a downward departure based on a defendant's cultural assimilation, the district court rightly concluded that it lacked authority to do so in this case.

We have reviewed all of the petitioner's arguments and have concluded that they are without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**