# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1056

_____

United States of America

*Plaintiff - Appellee*

v.

Juan Antonio Valenzuela

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 30, 2016
Filed: December 5, 2016
[Unpublished]

_____

Before SHEPHERD, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Juan Valenzuela directly appeals the district court's[1] judgment entered after a jury found him guilty of conspiring to distribute methamphetamine, and distributing

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

methamphetamine. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, and the reasonableness of Valenzuela's 150-month within-Guidelines-range prison term. Valenzuela has filed a pro se supplemental brief arguing that witnesses at trial were not credible, and that the prosecutor engaged in misconduct by failing to introduce evidence showing that Valenzuela was involved with marijuana, because such evidence would have supported his defense theory. For the reasons that follow, we affirm.

As to counsel's arguments, we conclude that the evidence was sufficient to support Valenzuela's convictions, see United States v. Garcia, 646 F.3d 1061, 1066-67 (8th Cir. 2011) (discussing sufficiency of evidence to support distribution conviction where defendant participated in controlled buy); United States v. Romero, 150 F.3d 821, 826 (8th Cir. 1998) (discussing sufficiency of evidence to support conspiracy conviction where resale quantities of drugs were sold), and we find that Valenzuela's 150-month prison term is not unreasonable, see United States v. Avalos, 817 F.3d 597, 602 (8th Cir. 2016) (applying presumption of reasonableness to within-Guidelines-range prison term); United States v. Harlan, 815 F.3d 1100, 1107 (8th Cir. 2016) (discussing grounds for finding abuse of discretion in sentencing). As to Valenzuela's pro se arguments, we note that the credibility of the trial witnesses was for the jury to determine, see United States v. Aguilar-Portillo, 334 F.3d 744, 747 (8th Cir. 2003) (reviewing court does not judge witness credibility), and we conclude that the government's failure to introduce evidence supporting Valenzuela's defense theory was not improper, see United States v. Clayton, 787 F.3d 929, 933 (8th Cir. 2015) (discussing prosecutorial misconduct).

Finally, after conducting an independent review under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue. The judgment is affirmed, and counsel's motion to withdraw is granted.

_____