Grace **DEGUIO,** Conservator of the Estate of Dwight Deguio and Grace Deguio, Individually, Plaintiffs, Appellants,

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 90–1479.

United States Court of Appeals, First Circuit.

Heard Oct. 2, 1990.

Decided Dec. 3, 1990.

---

Annette M. Gonthier with whom Costello, Frattaroli, Barrett, Gonthier & Goddard, P.C., was on brief, for plaintiffs, appellants.

Paul G. Levenson, Asst. U.S. Atty., with whom Wayne A. Budd, U.S. Atty., was on brief, for defendant, appellee.

Before CAMPBELL, Circuit Judge, TIMBERS,* Senior Circuit Judge, and CYR, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Appellants Grace Deguio, conservator of the estate of Dwight Deguio, and Grace Deguio individually (collectively "appellant") appeal from a judgment entered March 22, 1990 in the District of Massachusetts, in favor of appellee United States in a negligence action arising under the Federal Tort Claims Act ("FTCA") 732 F.Supp. 1240.

On appeal, appellant asserts several claims of error relating to the district court's findings of fact and conclusions of law. Appellant contends that these putative errors are sufficient to warrant reversing the district court's judgment.

After examining the record and the detailed findings of fact and conclusions of

---

* Of the Second Circuit, sitting by designation.

law of the district court, we disagree with appellant's contentions.

We affirm.

## I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

The events preceding the incident at issue began on the morning of July 15, 1985. At approximately six o'clock that morning, Captain Michael A. Rose, United States Navy, was traveling to work in a government vehicle southbound on Route 1 in Lynnfield, Massachusetts. It had rained approximately one-half inch that morning. It was still misting or raining lightly as Rose traveled to work. The traffic was moderate.

As Captain Rose approached the overpass at Route 129 in Lynnfield, he changed from the passing lane to the travel lane to avoid cars that were braking in front of him. After entering the travel lane, he encountered a puddle that was situated beneath the overpass. The puddle was ten feet in length and approximately six inches deep. Upon leaving the puddle, he lost control of the vehicle, spun 180 degrees and stopped facing north in the southbound passing lane. While in that position, numerous cars traveling in the southbound passing lane encountered Captain Rose's vehicle.

Dwight Deguio, driving a brown Chevrolet Camaro in the southbound passing lane, was one of the vehicles that approached the overpass in the moments following Captain Rose's mishap. After Dwight drove under the overpass, he began to change from the passing lane to the travel lane. As he changed lanes he was struck in the rear by a Decoster Egg truck. As a result of this accident, Dwight was rendered quadriplegic.

On December 28, 1987, Grace Deguio individually and as conservator of the estate of her son, Dwight, commenced an action against the United States in the District of Massachusetts pursuant to the FTCA, alleging that Captain Rose negligently operated a government vehicle. On November 27 and 28, 1989, the case was tried in a bench trial. On March 22, 1990, the district court issued a memorandum setting forth extensively its findings of fact and rulings of law. The court concluded that Captain Rose was not negligent and entered judgment for the United States. This appeal followed.

On appeal, appellant asserts principally that the district court's conclusion that Captain Rose was not negligent was not supported by its findings of fact. Appellant also contends that the district court erroneously found that Captain Rose did not violate several Massachusetts traffic statutes.

## II.

We turn first to appellant's contention that the district court's factual findings do not support its conclusion that Captain Rose was not negligent.

■ We review questions of fact and mixed questions of fact and law under the clearly erroneous standard. *Lynch v. Dukakis*, 719 F.2d 504, 513 (1st Cir.1983). Contrary to appellant's assertions, negligence determinations also are reviewed under the clearly erroneous standard. *Obolensky v. Saldana Schmier*, 409 F.2d 52, 54 (1st Cir.1969). The clearly erroneous standard is satisfied only when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948). We have emphasized on a prior occasion that "the findings of fact made by the trial court are not to be lightly overturned." *Obolensky, supra*, 409 F.2d at 54.

■ With this burden in mind, we review appellant's claims of error. Massachusetts courts define negligence as "the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought which, in the discharge of the duty then resting on him, the

person of ordinary caution and prudence ought to exercise under the particular circumstances." *Stepakoff v. Kantar,* 393 Mass. 836, 473 N.E.2d 1131, 1135 (1985) (quoting *Altman v. Aronson,* 231 Mass. 588, 591, 121 N.E. 505 (1919)). Reviewing the record along with the district court's findings and conclusions, we cannot say that the court committed clear error in holding that Captain Rose was not negligent.

Consistent with the findings of the district court, the evidence adduced at trial was such as to allow the court to conclude that Captain Rose's actions on the morning of July 15 were reasonable and consistent with the degree of care one ought to exercise under similar circumstances. Captain Rose could have been found to have been traveling at a reasonable rate of speed. He was driving under the posted limit at a speed consistent with that of other drivers. When confronted with other drivers braking in front of him as he approached the overpass at Route 129, he chose the reasonable alternative of changing lanes rather than braking in the passing lane. The puddle was not in his line of vision until he had changed lanes, after which, under the version of events found by the district court, he was only 50 feet away. As he entered the puddle under Route 129 and started to veer toward a concrete wall, he turned his wheel to avoid striking the wall. Although he may have overcompensated to avoid contact with the wall, his actions were prudent to avoid the immediate threat confronting him. Moreover, the court could have found that his actions after he came to a stop were reasonable. If he had not backed his vehicle southbound in the passing lane in an attempt to reach the service road, his only alternative would have been to turn his vehicle around. That would have completely impeded both lanes of traffic. Rose's decision to back his vehicle to the service road could thus be found reasonable.

■ The district court credited much of Captain Rose's testimony and incorporated his testimony in its findings. That is entirely proper. It is normally within the exclusive province of the trier to make determinations regarding witnesses' credibility. *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

■ Appellant argues strenuously that the district court committed clear error by finding that Rose was only 50 feet from the puddle when he first became aware of it. Appellant points to Rose's concession on cross-examination to estimates of from 100 to 200 yards when he first saw the puddle. However, Rose also testified when shown photograph exhibits C and G that these represented, respectively, the points at which he decided to change lanes and had succeeded in doing so. These photographs are consistent with the court's 50 foot finding. It was up to the trial court to resolve any such inconsistencies, and we do not find its resolution unreasonable in the context of Rose's entire testimony.

The district court's findings and conclusions are thorough, careful and comprehensive. They come to us "well armed with buckler and shield." *Horton v. United States Steel Corp.,* 286 F.2d 710, 713 (5th Cir.1961). After examining the record, we are satisfied that appellant has failed to demonstrate that these findings and conclusions were clearly erroneous.

We hold that the district court properly concluded that Captain Rose's conduct was not negligent.

### III.

■ Appellant insists that the district court erred in failing to find that Captain Rose had violated certain Massachusetts traffic statutes and regulations. He argues particularly that Captain Rose's 45 m.p.h. speed was too fast under prevailing conditions and that Rose's failure to slow down when approaching the puddle violated Mass.Gen.L. ch. 90, § 17, requiring that a motor vehicle be operated at a "reasonable and proper" speed, and that its speed be decreased below the established speed limit when a special hazard exists due to weather, traffic or highway conditions. The district court carefully evaluated the various aspects of Rose's conduct in light of this and other traffic regulations, finding no violations. These conclusions are,

we think, adequately supported in the record, and are not legally erroneous. We further note that violation of a statute in Massachusetts is considered only some evidence of negligence, the ultimate assessment being left to the fact finder. *Follansbee v. Ohse*, 293 Mass. 48, 199 N.E. 387, 389 (1936). Even assuming for the sake of argument that the district court's findings as to a particular statute or regulation were erroneous, it would not invariably follow that the court erred in finding that Captain Rose was not negligent. Our review of the present record satisfies us, as previously stated, that the court did not commit clear error in determining that Captain Rose was not negligent. We reject appellant's claims of error based on the court's failure to find that he had violated Massachusetts traffic laws.

### IV.

We hold, after reviewing the entire record, that the district court did not err in concluding that Captain Rose was not negligent. We likewise reject appellant's claim that the court committed reversible error in failing to find that Captain Rose had violated any Massachusetts traffic laws.

*Affirmed. Costs for appellee.*